

BRIAN L. COGGINS (SBN 239481)
**COGGINS JOHNSTON, LLP**
2281 Lava Ridge Court, Suite 320
Roseville, CA 95661
Telephone: (916) 797-1397
Facsimile: (916) 780-5262
Email: bcoggins@cjmlawyers.com

    Attorneys for Debtor(s)
    DAVID JONATHAN YAGER &
    MARY CATHERINE YAGER

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

–o0o–

| | |
|---|---|
| IN RE:<br><br>DAVID JONATHAN YAGER,<br>MARY CATHERINE YAGER,<br><br>Debtor(s).<br><br>Soc. Sec. No.: XXX-XX-1815<br><br>Soc. Sec. No.: XXX-XX-8807 | Case No.: 11-41522-C-7<br>Chapter 07<br>DCN: BLC-001<br><br>Judge: Honorable Christopher M. Klein<br>Date: November 8, 2011<br>Time: 9:30 A.M.<br>Place: 501 "I" Street, 6th Floor<br>      Department C – Courtroom 35<br><br>**MOTION TO COMPEL ABANDONMENT OF PROPERTY OF THE ESTATE**<br>**11 USC 554** |

    Debtors move the Court as follows:

1. Debtors scheduled certain property in this case listed on Schedule B which is titled Personal Touch Housecleaning. Personal Touch Housecleaning is Co-Debtor's housecleaning business. The only assets of the business are basic cleaning products that one would use in their own home. A full description of Personal Touch Housecleaning are as follows:

    a. Mop

    b. Broom

1

  c. Vacuum

  d. Duster

  e. Towels

  f. Paper Towels

  g. Miscellaneous Cleaning Products

  h. "Personal Touch Housecleaning" name

  Schedule B is provided as Exhibit A.

2. At the time of filing of this bankruptcy case, the Personal Property had a very minimal value.

3. The products listed above were grouped into the category "Household Goods and Furnishings" on Schedule B.

4. The name "Personal Touch Housecleaning" was listed as "Personal Touch Housecleaning" on Schedule B and valued at $0.00 because the only assets of the business are the cleaning products described above.

5. The value of the above items is no greater than $150.00.

6. On Schedule C, Debtors exempted certain assets that they owned or possessed on the date of filing, including all assets described above. Schedule C is provided as Exhibit B.

7. The petition and schedules filed by debtors clearly shows that the Personal Property described above are of inconsequential value and benefit to the estate in that the property has been properly exempted on Schedule C. Thus, allowing the property to remain in the estate would be of no benefit to the Trustee since no proceeds could be assumed from the property.

8. Debtors request at this time to Compel Abandonment of the above mentioned property from the Trustee and have the property revert back to the possession of the debtors.

**WHEREFORE,** Debtors Pray:

1. For an order compelling the Chapter 7 Trustee to abandon said property from the bankruptcy estate.

2. For other relief the Court deems just and proper.

DATED: October 14, 2011

                          **COGGINS JOHNSTON, LLP**

                          /s/ Brandon S. Johnston

                          BRANDON S. JOHNSTON
                          Attorneys for Debtor(s)
                          DAVID JONATHAN YAGER
                          MARY CATHERINE YAGER

3